UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON FELTON,
    Plaintiff,
v.

Case No. 09-12063

CIVIC PROPERTY & CASUALTY CO.    Honorable Patrick J. Duggan
    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on June 22, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
    U.S. DISTRICT COURT JUDGE

On May 1, 2009, Byron Felton ("Plaintiff") filed this lawsuit in Wayne County Circuit Court alleging that Civic Property and Casualty Company ("Defendant") wrongfully denied coverage on a fire-loss claim to Plaintiff's insured property. On May 28, 2009, Defendant removed Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332, 1441. Presently before the Court is a Motion to Remand filed by Plaintiff on June 9, 2009. Plaintiff argues that, pursuant to 28 U.S.C. § 1332(c)(1), this Court lacks subject matter jurisdiction.

As described above, Plaintiff, an insured, is suing Defendant, his insurer, on grounds that Defendant wrongfully denied him coverage on a fire-loss claim. For purposes of determining diversity jurisdiction in lawsuits against insurers, 28 U.S.C. § 1332(c)(1) provides:

> [A]ny direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a Citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

Plaintiff argues that because he is not joined as a party-defendant, Defendant is deemed a citizen of his state—Michigan—and diversity is destroyed.

Although the literal reading espoused by Plaintiff would destroy diversity in this case, courts have consistently held that the direct action provision does not apply to lawsuits, like this one, where an insured sues his or her own insurance provider because such a reading "would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003). Because the direct action provision does not apply, Plaintiff, a citizen of Michigan, and Defendant, a California corporation with its principal place of business in California, are diverse and this Court has subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard, Esq.
Mark S. Hayduk, Esq.