UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON FELTON,
    Plaintiff,
v.                                           Case No. 09-12063

CIVIC PROPERTY & CASUALTY CO.       Honorable Patrick J. Duggan
    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on August 31, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On May 1, 2009, Byron Felton ("Plaintiff") filed this lawsuit in Wayne County Circuit Court alleging that Civic Property and Casualty Company ("Defendant") wrongfully denied coverage on a fire-loss claim to Plaintiff's insured property. On May 28, 2009, Defendant removed Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332, 1441. On June 9, 2009, Defendant filed an answer with affirmative defenses to Plaintiff's complaint. Presently before the Court is a Motion to Amend Answer filed by Defendant on August 13, 2009. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant seeks leave to amend its answer so as to include and affirmative defense that was inadvertently omitted from its June 9, 2009, answer. Plaintiff filed a response opposing Defendant's motion on August 26, 2009.

When a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that

determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen'l Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).  Under the circumstances of this case, justice requires that Defendant be allowed to amend its answer.  Although two months have passed since the filing of the original answer, there is no evidence of undue delay or bad faith by Defendant.  Furthermore, the Court's scheduling order in this case reveals that three months remain for the parties to conduct discovery.  (Scheduling Order, Docket No. 11.)  Given this time, the Court concludes that Plaintiff has received adequate notice of the defense and will not be unduly prejudiced by the amendment.

Rather than opposing Defendant's motion on any of the foregoing grounds, Plaintiff objects merely because Rule 12 of the Federal Rules of Civil Procedure requires that "[e]very defense to a claim for relief . . . be asserted in the responsive pleading . . . ."  However, once Defendant files its amended answer, the inadvertently omitted defense will be asserted in the responsive pleading as required by Rule 12.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Amend Answer is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall file its amended answer on or before **SEPTEMBER 8, 2009**.

                            s/PATRICK J. DUGGAN
                            UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard, Esq. and Mark S. Hayduk, Esq.